# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WEN PING CHEN, | : | |
| Petitioner, | : | |
| v. | : | No. 4:18-CV-1951 |
| WARDEN CRAIG LOWE, | : | (Judge Brann) |
| Respondent. | : | |

## MEMORANDUM OPINION

### NOVEMBER 6, 2018

**I.    BACKGROUND**

Wen Ping Chen filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while detained by the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") at the Pike County Prison, Lords Valley, Pennsylvania. Named as Respondent is Warden Craig Lowe of the Pike County Prison. Service of the petition was previously ordered.

Chen is a native and citizen of the Republic of China, who entered the United States on or about December 2002. Petitioner was convicted of conspiracy to commit access device fraud in the United States District Court for the District of Vermont. After completing service of his federal criminal sentence, Chen was taken into ICE custody on or about February 14, 2018. An immigration judge subsequently ordered Petitioner's removal from the United States on March 5, 2018. There is no

indication that Petitioner appealed that decision to the Board of Immigration Appeals.

According to the Petitioner, he had been detained by ICE for over six (6) months at the time this matter was filed. Petitioner's pending § 2241 petition challenged his indefinite detention pending removal. As relief, Petitioner sought his release subject to reasonable conditions of supervision.

## II.  DISCUSSION

On November 1, 2018, Respondent filed a response to the petition stating that Petitioner was released from ICE custody under an order of supervision on October 10, 2018. *See* Doc. 6, p. 3. Accordingly, Respondent contends that since Petitioner is no longer being detained by ICE, dismissal on the basis of mootness is appropriate.

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990); *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. *Lewis*, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the <u>continuing</u> existence of a live and acute controversy." *Steffel v. Thompson*, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy

must be extant at all stages of review, not merely at the time the complaint is filed." *Id*. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese*, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)); *see also Gaeta v. Gerlinski*, Civil No. 3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As relief, Petitioner sought his immediate release from ICE detention. A copy of Petitioner's Order of Supervision, Release Notification, and a printout of ICE's Online Detainee Locator System confirm that Chen was released from ICE custody on October 10, 2018. *See* Doc. 6-1.

## III. CONCLUSION

Since Petitioner is no longer being detained by ICE, and under the principles set forth in *Steffel*, his petition is subject to dismissal as moot since it no longer presents an existing case or controversy before this Court.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge